1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PRAKASH NARAYAN,                          No.  2:19-cv-00466 TLN CKD (PS)

12                  Plaintiff,

13          v.                                 ORDER

14   COUNTY OF SACRAMENTO, et al.,

15                  Defendants.

16

17          Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to

18   28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by

19   Local Rule 302(c)(21).

20          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable

21   to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma

22   pauperis will be granted.  28 U.S.C. § 1915(a).

23          The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

24   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

25   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26   § 1915(e)(2).

27          Here, plaintiff's brief and conclusory allegations do not state a federal claim against any

28   defendant.  While plaintiff asserts federal jurisdiction under the Fair Debt Collection Practices

                                               1

Act (FDCPA), 15 U.S.C. § 1692 et seq, he does not attempt to plead the elements of a FCDPA claim. See Lee v. Toyota Motor Sales USA Inc., 2016 WL 4608220, *4 (N.D. Cal. Sept. 6, 2016) ("To state a claim under the FDCPA, a plaintiff must show that: (1) he is a consumer; (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector; and (4) the defendant violated one of the provisions of the FDCPA."). All causes of action in plaintiff's complaint arise under state law, and the prayer for relief refers to state provisions. (ECF No. 1 at 6-17.) As plaintiff does not invoke "any other federal law or right," the court's federal jurisdiction rests on whether plaintiff states a valid claim under the FDCPA. See Lee, 2016 WL 4608220, *3.

The federal courts are courts of limited jurisdiction. In the absence of a basis for federal jurisdiction, plaintiff's claims cannot proceed in this venue. Because there is no basis for federal subject matter jurisdiction evident in the complaint, plaintiff will be ordered to show cause why this action should not be dismissed. In response, he may file an amended complaint that alleges the elements of a FDCPA claim against one or more defendants. Failure to allege a proper basis for subject matter jurisdiction will result in a recommendation that the action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. No later than thirty (30) days from the date of this order, plaintiff shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Dated: March 19, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/narayan00466.ifp-nojuris

2