UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PRAKASH NARAYAN,

    Plaintiff,

v.

COUNTY OF SACRAMENTO, et al.,

    Defendants.

No. 2:19-cv-00466-TLN-CKD PS

FINDINGS AND RECOMMENDATIONS

(ECF No. 29.)

    Presently before the court is defendant Wells Fargo's motion to dismiss brought pursuant to Rule 12(b)(6) and 12(b)(7). (ECF No. 29). Plaintiff filed a response, and the court held a hearing on Wells Fargo's motion on December 18, 2019. (ECF Nos. 35, 45.) For the following reasons, the court recommends granting defendant's motion and dismissing plaintiff's action against Wells Fargo.

BACKGROUND

    Pro se plaintiff Prakash Narayan filed the present suit against Wells Fargo, Sacramento County, the City of Sacramento, and related entities. The complaint alleges improper property taxes and utility charges were assessed against plaintiff's property and that Wells Fargo, the creditor for the property, created an illegal escrow account to pay these charges. Plaintiff's first

amended complaint has five numbered counts, premised on the Fair Debt Collect Practices Act (FDCPA), and two unnumbered counts, public corruption and tampering. (ECF No. 12.)

Wells Fargo makes four arguments for dismissal: (1) plaintiff's complaint is insufficiently pleaded pursuant to Rule 8(a)(2); (2) plaintiff failed to join a necessary party, his wife who also signed the contract in dispute, warranting dismissal under Rule 12(b)(7); (3) plaintiff's claims are premised on an incorrect reading of the contract at issue; and (4) all of plaintiff's individual causes of action fail to state a claim. Because the undersigned recommends dismissal premised on the last two points, the court does not address defendant's first two points.

DISCUSSION

*Legal standard*

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). Defendant has requested this court take judicial notice of certain documents. (ECF No. 29-1 at 2.) That request is granted.

*The deed allows Wells Fargo to create an escrow account*

Although difficult to decipher, all plaintiff's claims against Wells Fargo appear to arise from Wells Fargo's alleged unlawful creation of an escrow account for tax and utility liabilities. (See ECF No. 12 at 3 ("Plaintiff is a consumer borrower and has valid loan with defendant Wells Fargo Bank that was signed and agreed plaintiff will have no escrow account Exhibit B. Defendant Wells Fargo Bank violated written legal cont[r]act and instrument by adding escrow account"); id. ("Wells Fargo Bank violated written legal cont[r]act and instrument by adding escrow account.").)

However, the deed explicitly allows Wells Fargo to create an escrow account for liabilities including "taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property." (ECF No. 29-1 at 9.) If plaintiff fails to pay the escrow items, pursuant to a waiver, Wells Fargo can pay such amounts directly and seek reimbursement from plaintiff. (Id.)

Here, plaintiff's complaint against Wells Fargo is largely, if not entirely, premised on Wells Fargo allegedly paying property taxes and utility assessments, which are "Escrow Items" as defined in the deed. (See id.) Because property taxes and utility items statutorily have priority over other liens, and the deed allows Wells Fargo to pay and seek a refund for "taxes and assessments . . . which can attain priority over this Security Instrument as a lien," Wells Fargo was within its rights under the deed to pay these escrow amounts and assess those charges against plaintiff. (Id.); see also Cal. Rev. & Tax Code § 2192.1 ("Every tax declared in this chapter to be a lien on real property … have priority over all other liens on the property, regardless of the time of their creation"); Sacramento City Code 13.12.100(F) (delinquent utility charges create a lien that is "paramount to all other liens except those for state, county, and municipal taxes, with which it shall be on parity"). It was therefore within Wells Fargo's rights to pay the delinquent property taxes and utility assessments that had priority over its security interest, and to assess those charges to plaintiff. Accordingly, plaintiff's argument that Wells Fargo did not have the authority to establish an escrow account and charge plaintiff is refuted by the plain reading of the deed.

3

*Plaintiff's individual claims against Wells Fargo do not state claims*

Plaintiff enumerates five counts premised on the FDCPA. Each cause of action lists a section number and corresponding title of the FDCPA. (ECF No. 12 at 1-4.)

Congress passed the FDCPA in 1977 with the stated purposes of eliminating "abusive debt collection practices," ensuring "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," and promoting "consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In furtherance of these purposes, the FDCPA bans a variety of debt-collection practices and allows individuals to sue offending debt collectors.

> "Debt collector"
> means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted *to be owed or due another*.

15 U.S.C. § 1692(a)(6) (emphasis added).

Plaintiff's complaint alleges that Wells Fargo violated five FDCPA provisions. Four of these provisions prohibit "debt collectors" from certain activities. See 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt"); 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt"); 15 U.S.C. § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt"); 15 U.S.C. § 1692g (creating requirements for debt collectors to follow when validating debts).

Courts have consistently held that creditors, even assignees from the original creditor, are not "debt collectors" under the FDCPA. Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1209 (9th Cir. 2013) (affirming dismissal, in part, because plaintiff's "complaint makes no factual allegations from which we could plausibly infer that Wells Fargo regularly collects debts owed to someone other than Wells Fargo"); De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1074 (9th Cir. 2011) ("[T]he person who originated the debt, such as a creditor to whom the debt was

originally owed, is not considered a debt collector"); Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009) ("[A] 'creditor' is not a 'debt collector' under the FDCPA.").

As stated in the deed, Wells Fargo is the lender and beneficiary. Accordingly, any alleged debt-collection activities Wells Fargo performed would be in relation to debt which Wells Fargo was a creditor, precluding Wells Fargo from being a "debt collector" as defined by the FDCPA. Therefore, plaintiff's first, second, third, fourth, and fifth causes of action fail as a matter of law.[1]

In addition to plaintiff's numbered causes of action premised on the FDCPA, the complaint also contains two headings entitled "public corruption" and "t[a]mpering with public records." (ECF No. 12 at 5, 8.)

Regarding plaintiff's unnumbered public corruption count, plaintiff generally alleges that Wells Fargo should be liable due to a fine imposed by the federal government on Wells Fargo, the company sending mail to an address not associated with plaintiff, and the creation of the previously mentioned escrow account. Wells Fargo argues this count "fails to identify any basis for relief in statute, tort, or contract." (ECF No. 29 at 17.) Regarding plaintiff's second unnumbered count, tampering with public records, plaintiff gives a partial cite to statute which the court infers is a New York statute. (ECF No. 12 at 8.) The substance of his argument is that because an unrelated clerk of court backdated a document, Wells Fargo backdated a declaration in the present case. (Compare ECF No 12 Ex. O with Ex. P.)

Neither of plaintiff's unnumbered causes of action state a claim against Wells Fargo that would entitle plaintiff to relief. See Twombly, 550 U.S. at 570. Accordingly, the undersigned recommends dismissing those causes of action against Wells Fargo as well.

*Leave to amend would be futile*

Although the court ordinarily liberally provides litigants, especially pro se litigants, with an opportunity to amend if pleading deficiencies can be cured, the nature of plaintiff's claims here

---

[1] Plaintiff's final FDCPA claim, "furnishing certain deceptive forms" would not apply to Wells Fargo for similar reasons. That statute makes it unlawful to "furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection[.]" 15 U.S.C. § 1692j. As Wells Fargo was the creditor, collecting its own debt, this statute has no application.

suggests that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). As discussed above, plaintiff's FDCPA claims fail as a matter of well-settled case law, and plaintiff's unnumbered claims are legally frivolous. Because the court previously granted plaintiff leave to amend (ECF No. 4), and his amended complaint still fails as a matter of law, the court concludes any further leave would be futile. Accordingly, the court recommends dismissing plaintiff's claims against Wells Fargo with prejudice.

CONCLUSION

Accordingly, it is hereby RECOMMENDED that:

1. Wells Fargo's motion to dismiss be GRANTED; and

2. Plaintiff's claims against Wells Fargo be dismissed WITH PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 3, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16. nara. 466

6