UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN, | No. 2:19-cv-00466-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | (ECF No. 48.) |
| Defendants. | |

**I. Introduction**

Presently before the court is pro se plaintiff Prakash Narayan's motion to disqualify the undersigned. (ECF No. 48.) Plaintiff argues that by misapplying the Federal Rules of Civil Procedure the court became an "accessory after the fact." (Id. at 3.) Because plaintiff's argument is premised on a misunderstanding of the Federal Rules regarding waiver and timing to file responsive pleadings, the court addresses those issues in some depth. For the reasons set forth below, plaintiff's motion is denied.[1]

---

[1] Federal Magistrate Judges have the authority rule on motions to disqualify themselves. Dev v. Donahoe, 668 F. App'x 815, 816 (9th Cir. 2016) ("The Magistrate Judge did not err in denying Dev's motion to disqualify himself.").

1

**II. Procedural History**

Plaintiff filed his original complaint and request to proceed in forma pauperis on March 14, 2019. The court, pursuant to 28 U.S.C. § 1915, granted plaintiff's request to proceed in forma pauperis but dismissed his complaint for failure to state a claim on March 19, 2019. (ECF No. 4.) However, plaintiff was given the opportunity to file a first amended complaint and address the deficiencies noted by the court.

On April 8, 2019, Wells Fargo filed a motion to dismiss, which was subsequently denied as premature on April 9, 2019. (ECF Nos. 6, 9.)

On May 30, 2019, plaintiff filed the operative First Amended Complaint. (ECF No. 12.)

On June 27, 2019, the court screened plaintiff's complaint and found that, "Based on the limited record in this matter, the court cannot conclude at this time that plaintiff's action is frivolous, that the first amended complaint fails to state a claim upon which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant." (ECF No. 13 at 2.) The court ordered plaintiff to file documents with the U.S. Marshal to effectuate service. (Id.) The court's order additionally permitted defendants to waive service by returning a signed waiver to the U.S. Marshal. (Id. ¶ 7.)

Based on the record before the court, to date, it appears that plaintiff never provided the U.S. Marshal with the required documents,[2] and no defendant has been served. (See ECF No. 22 (Clerk's denial of plaintiff's entry of default because "Proof of Service of Summons by USM has not been filed").)

Nevertheless, "to avoid further delays," Wells Fargo filed a waiver of service of summons on August 15, 2019. (ECF Nos. 28, 39 at 3.) Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(ii) Wells Fargo was provided 60 days to file a responsive pleading after the request

---

[2] The court's June 27, 2019 order instructed plaintiff to file a statement with the court 10 days after he supplied the U.S. Marshal with the required documents. (ECF No. 13 at 2-3.) Plaintiff failed to comply with the court's order as no such statement was filed.

for waiver was sent.[3]  Wells Fargo's responsive pleading was therefore due October 15, 2019.[4]  On October 15, 2019, Wells Fargo timely filed its motion to dismiss currently pending before the court.  (ECF No. 29.)

**III.  Plaintiff's Motion to Disqualify**

On December 23, 2019, plaintiff filed the present motion titled: "Motion Under 28 U.S.C. § 455a – Peremptory Disqualification of Judge Delaney Request."  (ECF No. 48.)  Plaintiff's motion does not set out reasons for the undersigned's recusal beyond generally objecting to the court's comments at the hearing on Wells Fargo's motion to dismiss.

**IV.  Legal Standard**

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."  28 U.S.C. § 144.  "Any justice, judge, or magistrate judge of the United States shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotation marks omitted).

**V.  Analysis**

Based on the procedural history outlined above, plaintiff's arguments regarding the court's abuse of discretion are without merit.  First, all the defendants filed waivers of service in this matter, mooting plaintiff's request for proof of service by the U.S. Marshal.  Plaintiff's assertion that defendants had thirty days from the filing of his original complaint to waive service

---

[3] This 60-day limit begins to run when a plaintiff sends a request for waiver, not when a defendant responds.  See Cranford v. Crawford, 2014 WL 6934214, at *1 (E.D. Cal. Dec. 9, 2014).  However, because no proper request for a waiver was sent, and no defendant was ever served, that 60-day limit began when the defendant filed its waiver.

[4] The responsive pleading would have been due October 14, 2019, which was a federal holiday, making the responsive pleading due the next business day.  See Fed. R. Civ. P. 6(a)(1)(C).

(ECF No. 48 at 2) is also without merit because that complaint was dismissed by the court and never served. (ECF No. 4 (dismissing plaintiff's original complaint and ordering plaintiff to show cause why the action should not be dismissed or, alternatively, file an amended complaint "that alleges the elements of a FDCPA claim against one or more defendants").) Rather, as noted above, Wells Fargo filed its motion to dismiss within the time allowed by Federal Rule of Civil Procedure 12.

Regarding plaintiff's assertion that Wells Fargo's waiver of service was never served on him, the court agrees that the waiver should have been sent to plaintiff. However, the court can find no prejudice resulting from a defendant who has actively attempted to respond to plaintiff's complaint waiving service to prevent unnecessary expense, even if that waiver was not served on plaintiff. Indeed, plaintiff already admitted in open court that he received and responded to Wells Fargo's motion to dismiss. (See ECF Nos. 29, 35.) Therefore, even if plaintiff had been sent the waiver,[5] the case would be in the exact same posture.

Because plaintiff's motion to disqualify is premised on the undersigned intentionally violating the Federal Rules of Civil Procedure, and that foundation is incorrect, plaintiff's motion is denied.

## VI. Conclusion

Accordingly, it is HEREBY ORDERED that plaintiff's motion to disqualify the undersigned (ECF No. 48) is DENIED.

Dated: January 3, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16. nara. 466

---

[5] In responding to plaintiff's argument, the court makes no determination whether plaintiff did or did not receive Wells Fargo's waiver.

4