|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| PRAKASH NARAYAN, | No. 2:19-cv-00466-TLN-CKD PS |
|---|---|
| Plaintiff, | |
| v. | (ECF Nos. 36, 37) |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff's motion to compel, to vacate the court's prior order, and for sanctions (ECF No. 36) is currently scheduled for hearing on January 22, 2020. Plaintiff also filed a "motion to obtain proof of service" the same day his motion to compel was filed, however, that motion has not been scheduled for a hearing. (ECF No. 37.) Local Rule 251(c) contemplates parties drafting a joint statement one week before a hearing on discovery motions. The parties apparently did not meet and confer, have not provided the court with a joint statement, and plaintiff has not provided the court with an affidavit as to why he could not secure the cooperation of defendants, in violation of Local Rule 251. Accordingly, to the extent plaintiff seeks to compel discovery production the court DENIES plaintiff's motion without prejudice (ECF No. 36), and VACATES the January 22, 2020 hearing.

1

1    Additionally, the court DENIES plaintiff's motion (ECF No. 36) to the extent plaintiff seeks sanctions and for the court to vacate its June 27, 2019 order. Although difficult to decipher, it appears that most of plaintiff's concerns regarding the June 27, 2019 order were addressed in the court's order denying plaintiff's motion to disqualify the undersigned. (ECF No. 51.)

To the extent that plaintiff's motion to obtain proof of service (ECF No. 37) was not addressed by the court providing plaintiff with waivers of service at the December 18, 2019 hearing in this matter (see ECF No. 45), it is DENIED.

Finally, because plaintiff has filed multiple discovery motions and motions for sanctions while defendants' motions to dismiss have been pending, the court orders discovery to be STAYED. The court has the inherent power to stay proceedings and manage its own docket. See, e.g., Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); see also Wenger v. Monroe, 282 F3d 1068, 1077 (9th Cir. 2002) (affirming staying discovery pending resolution of motion to dismiss for failure to state a claim). Having considered the potential prejudice to plaintiff, the likelihood defendants' motions would significantly limit the case, if not dismiss them as parties outright, and the breadth of the discovery plaintiff is requesting, the court orders that the parties' discovery be stayed until the pending motions to dismiss are ruled upon. (ECF Nos. 29, 54.) The court will therefore not entertain any further motion to compel discovery responses or rule upon any discovery disputes until that time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, to vacate the court's prior order, and for sanctions (ECF No. 36) is DENIED;

2. Plaintiff's motion to obtain proof of service (ECF No. 37) is DENIED;

////
////
////
////
////

2

3. The hearing scheduled for January 22, 2020 is VACATED; and

4. Discovery is STAYED until defendants' motions to dismiss (ECF Nos. 29, 54) are decided.

Dated: January 16, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16. nara. 466