UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:19-cv-00466-TLN-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS <u></u><br>AND ORDER<br><br>(ECF Nos. 54, 65, 66) |

Presently before the court is defendant City of Sacramento's (the City) motion to dismiss brought pursuant to Rule 12(b)(6). (ECF No. 54.) Plaintiff filed a motion for an extension of time to file an opposition, which the court granted in part, allowing plaintiff until February 26, 2020, to file his opposition. (ECF Nos. 62, 63.) Plaintiff did not file an opposition by this deadline, but on March 18, 2020 filed a motion to electronically file another motion for an extension of time. (ECF Nos. 65, 66.) For the following reasons, the court RECOMMENDS GRANTING defendant's motion and dismissing plaintiff's complaint against the City. The court also DENIES plaintiff's motions to file electronically and for another extension.

BACKGROUND

Pro se plaintiff Prakash Narayan filed the present suit against Wells Fargo, Sacramento County, the City, and related entities. (ECF No. 12.) Although somewhat vague, plaintiff's First Amended Complaint alleges that the City violated the Fair Debt Collect Practices Act (FDCPA)

1

by attempting to collect allegedly invalid utilities debt from him. (See id. at 1-2.) Plaintiff also includes in his complaint two unnumbered counts: public corruption and tampering. (Id. at 5, 8.) The count of public corruption, as against the City, appears to be premised on allegations of discriminatory treatment when Narayan was a City employee. (Id. at 5-6.) Plaintiff's tampering cause of action does not appear to be asserted against the City, as it contains no factual allegations against that defendant. (See id. at 8-9.)

The City moves to dismiss plaintiff's compliant against it for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 54.)

DISCUSSION

*Legal standard*

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). Defendant has requested this court take judicial notice of certain documents. (ECF No. 54-2.) That request is granted.

*Plaintiff's FDCPA causes of action do not state a claim against the City.*

Plaintiff alleges five counts premised on the FDCPA. Each cause of action lists a separate provision of the FDCPA. (ECF No. 12 at 1-4.)

Congress passed the FDCPA in 1977 with the stated purposes of eliminating "abusive debt collection practices," ensuring "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," and promoting "consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In furtherance of these purposes, the FDCPA bans a variety of debt-collection practices and allows individuals to sue offending debt collectors.

"Debt collector" as used in the FDCPA,

> means any person who uses any instrumentality of interstate commerce or the mails in any *business the principal purpose of which is the collection of any debts*, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted *to be owed or due another*.

15 U.S.C. § 1692(a)(6) (emphasis added).

Plaintiff's complaint alleges that the City violated five FDCPA provisions. (ECF No. 12.) Four of these provisions prohibit "debt collectors" from certain activities. See 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt"); 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt"); 15 U.S.C. § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt"); 15 U.S.C. § 1692g (creating requirements for debt collectors to follow when validating debts).

Courts have consistently held that creditors, even assignees from the original creditor, are not "debt collectors" under the FDCPA. Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1209 (9th Cir. 2013) (affirming dismissal, in part, because plaintiff's "complaint makes no factual allegations from which we could plausibly infer that Wells Fargo regularly collects debts owed to someone other than Wells Fargo"); De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1074

3

(9th Cir. 2011) ("[T]he person who originated the debt, such as a creditor to whom the debt was originally owed, is not considered a debt collector"); <u>Rowe v. Educ. Credit Mgmt. Corp.</u>, 559 F.3d 1028, 1031 (9th Cir. 2009) ("[A] 'creditor' is not a 'debt collector' under the FDCPA.").

Plaintiff's complaint fails to plead sufficient facts to establish that the City was acting as a "debt collector" for any relevant time. While, presumably, the debt he is contesting is the City's utility invoices, plaintiff's complaint does not allege any inappropriate means of collecting this obligation beyond "threadbare recitals." (<u>See generally</u> ECF No. 12.) Plaintiff therefore entirely fails to assert facts that would allow him to recover premised on the five provisions of the FDCPA he cites.

Additionally, even if such overt actions were pleaded, based on plaintiff's complaint it is apparent that the City was the creditor for the utility bills in question. (<u>See</u> ECF No. 12 at 2 ("Defendant City of Sacramento at some point provided utility bill . . . to Defendant County of Sacramento.").) Thus, based on plaintiff's complaint the City was owed the debt in question in this matter, and the above statutes do not apply to it. <u>See</u> <u>Rowe</u>, 559 F.3d at 1031. Finally, the City is not a "business the principal purpose of which" is the collection of debts, meaning it is not a "debt collector" under the FDCPA. <u>See</u> 15 U.S.C. § 1692(a)(6).[1]

Accordingly, plaintiff's claims against the City premised on the FDCPA fail to state a claim and should therefore be dismissed.

*<u>Plaintiff's tampering and corruption causes of action do not state claims against the City.</u>*

In addition to plaintiff's numbered causes of action premised on the FDCPA, the complaint also contains two headings entitled "public corruption" and "t[a]mpering with public records." (ECF No. 12 at 5, 8.)

Plaintiff's public corruption cause of action, as against the City, generally alleges discrimination by the City against plaintiff when plaintiff was a City employee. (ECF No. 12 at

---

[1] Plaintiff's final FDCPA claim, "furnishing certain deceptive forms" would not apply to the City for similar reasons. That statute makes it unlawful to "furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection[.]" 15 U.S.C. § 1692j. As the City was the creditor in this situation, this provision has no application.

4

5-6.)  However, plaintiff does not include in his complaint that he filed a discrimination lawsuit in 2005, which resulted in a jury verdict against him.  (ECF No. 54-2).  Nor does plaintiff address that this is not his first attempt to collaterally attack that judgment.  (Id.)  Based on these prior suits, plaintiff's allegations against the City in his "public corruption" count are barred by *res judicata*.

*Res judicata*, or claim preclusion, applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies."  Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005) (quoting Sidhu v. Flecto Co., 279 F.3d 896, 900 (9th Cir.2002)).

Applying these elements to the current case: (1) plaintiff's prior suits allege the same or essentially identical discriminatory actions by the City as he currently alleges; (2) both earlier suits reached a final judgment on the merits; and (3) both prior suits named the City or a party in privity with the City.[2]

Accordingly, to the extent that plaintiff's public corruption cause of action can be viewed against the City, plaintiff has failed to state a claim for which relief can be granted.

Regarding plaintiff's second unnumbered count, tampering with public records, plaintiff does not include any mention of the City in this section.  (See ECF No. 12 at 8-9.)  However, to the extent that this cause of action implicates the City, the undersigned finds plaintiff has failed to state any facts that would entitle him to relief.

Neither of plaintiff's unnumbered causes of action state a claim against the City that would entitle plaintiff to relief.  Accordingly, the undersigned recommends dismissing these causes of action as against the City.

*Plaintiff's miscellaneous motions are denied.*

Finally, plaintiff filed a motion to electronically file in this matter and a motion for an extension of time to file an opposition to the City's motion to dismiss.  (ECF Nos. 65, 66.)

---

[2] Plaintiff's first collateral attack on the jury verdict asserted claims against the Attorney who represented the City at trial.

Generally, "any person appearing pro se may *not* utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2) (emphasis in original). The court finds no reason in the present case to deviate from this general rule. At the current stage of litigation plaintiff's motion (ECF No. 65) is therefore DENIED.

Regarding plaintiff's motion for an extension of time to file an opposition to the City's motion to dismiss (ECF No. 66), that motion is also DENIED. The court previously granted, in part, plaintiff's motion for an extension of time. (ECF No. 63.) Instead of granting plaintiff's request for more than four additional months to file an opposition, the court gave plaintiff two additional weeks. (Id.) Plaintiff still failed to file a timely opposition, however. Contrary to plaintiff's assertions, the prior order granting him an extension clearly refers to his motion for an extension, and clearly states when his opposition was due. (See id.) The court therefore DENIES plaintiff's motion for an additional extension.

CONCLUSION

Accordingly, it is hereby ORDERED that plaintiff's motion to electronically file (ECF No. 65) and plaintiff's motion for an extension of time (ECF No. 66) are DENIED.

Additionally, it is hereby RECOMMENDED that:

1. The City's motion to dismiss be GRANTED (ECF No. 54); and

2. Plaintiff's claims against the City be dismissed WITH PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 23, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16. nara. 466