UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN, | No. 2:19-cv-00466-TLN-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Presently before the court is defendants' objection to plaintiff's second amended complaint. (ECF No. 78.) On June 15, 2020, plaintiff, without leave of court and without written consent from defendants, filed a document entitled "Second Amended Complaint." (ECF No. 77.) Defendants move to strike plaintiff's filing. (ECF No. 78.)

A party may amend a pleading once "as a matter of course" within 21 days after serving it or within 21 days after service of a Rule 12 motion, whichever occurs earlier. Fed. R. Civ. P. 15(a)(1). After the time for amendment as a matter of course has expired, a plaintiff may amend a complaint *only* by obtaining the court's permission or the adverse party's written consent. Fed. R. Civ. P. 15(a)(2). If a plaintiff files his or her amended complaint without leave of court or written consent, as required under Rule 15(a)(2), it has no legal effect. Hoover v. Blue Cross &

1

Blue Shield, 855 F.2d 1538, 1544 (11th Cir. 1988) (amended complaint had no legal effect because plaintiff improperly filed the amendment).

Here, it is undisputed that plaintiff did not file his amended complaint within the timeframe of Rule 15(a)(1), meaning plaintiff had to file his amended complaint pursuant to Rule 15(a)(2).  It is also undisputed that plaintiff has not requested leave of court or received defendants' written consent.  Thus, plaintiff's filing, entitled "Second Amended Complaint," has no legal effect.

Accordingly, it is HEREBY ORDERED that plaintiff's "Second Amended Complaint" (ECF No. 77) is STRICKEN.  This matter will proceed on plaintiff's operative First Amended Complaint (ECF No. 12) unless otherwise ordered.

Dated: July 1, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.nara.466