UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:19-cv-00466-TLN-CKD PS<br><br>**ORDER**<br><br>(ECF Nos. 89, 90, 91, 95.) |

Presently before the court are plaintiff's motion to amend, motion to change venue and to extend time, and motion for a preliminary injunction. (ECF Nos. 89, 90, 91, 95.)[1] Defendants have filed oppositions and plaintiff has replied. (ECF Nos. 98, 99, 100, 101, 102, 103.) Pursuant to Local Rule 230(g) this court vacated the hearing on these motions. Having considered the parties' filings, the law, and the relevant facts, the court orders as follows.

<u>Motion to Change Venue (ECF Nos. 90, 95)</u>

Courts may transfer venue under either § 1404(a) or § 1406(a). Under § 1404(a), a district court may transfer an action to another district where a matter might have been brought "for the

---

[1] Plaintiff's two motions to change venue (ECF Nos. 90, 95), are similar; however, the latter motion incorporates additional information and requests, while including everything of the former. Therefore, the court will address only plaintiff's later-filed motion, (ECF No. 95.)

1

convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  Under § 1406(a), a district court may, "in the interest of justice," transfer an action "laying venue in the wrong division or district" to any district or division in which it could have been brought.  28 U.S.C. § 1406(a).

Plaintiff makes no argument as to either section, and the court finds neither applicable to the present action.  However, plaintiff's motion entitled "motion for change of venue" appears to be an additional request to disqualify the undersigned.  As the court has already denied similar motions (ECF Nos. 51, 76), the court similarly denies plaintiff's request to disqualify the undersigned.  The same rationale is applicable to the present request as to the prior motions, and the court need not repeat its justification here.

Finally, in his "motion to transfer venue" plaintiff requests an extension until November 15, 2020 to file initial disclosures, which defendants do not oppose.  (ECF No. 99.)  The court therefore grants that request.

Accordingly, plaintiff's motion is DENIED to the extent it seeks to transfer venue or disqualify the undersigned and GRANTED to permit plaintiff until November 15, 2020 to file initial disclosures.

<u>Motion for Preliminary Injunction (ECF No. 91)</u>

To be entitled to an injunction a party must "demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (internal citation and quotation marks omitted).

Plaintiff's motion fails to demonstrate any of these elements.  Specifically, plaintiff has not shown that he is likely to succeed on the merits in this case.  As defendants note, "Plaintiff offers no explanation or theory as to how California Health and Safety Code section 5473 would apply to the County of Sacramento with respect to City of Sacramento utility and public nuisance charges" (ECF No. 100), which appears to be central to plaintiff's injunction request, (<u>see</u> ECF No. 91.)  Furthermore, to the extent that plaintiff's injunction and his claims against the prior

2

defendants are related, the court has already dismissed two defendants in this action (ECF Nos. 61, 69), making success on the merits unlikely.

Accordingly, plaintiff's motion for a preliminary injunction is DENIED.

Motion to Amend Complaint (ECF No. 89)

Federal Rule of Civil Procedure instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While leave should be granted freely, that does not mean leave is granted "automatically." In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013). Rather, courts consider "the following five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." Id. Additionally, pursuant to Local Rule 137(c) parties are required to attach proposed amended complaints to their motion to amend.

Here, plaintiff has not attached an amended complaint to his motion, in violation of Local Rule 137(c). Accordingly, plaintiff's motion to amend his complaint is DENIED. See Herrera v. California Highway Patrol, 2017 WL 590244, at *2 (E.D. Cal. Feb. 14, 2017) ("When a party fails to comply with Local Rule 137(c), the party's request should be denied."). However, even if plaintiff had attached a proposed amended complaint, based on the representations in his motion, it is unlikely that the court would grant his request due to potential prejudice to defendants and futility of plaintiff's amendment. More specifically, it appears that plaintiff is intending to add debatably unrelated claims and defendants to his present complaint. By adding arguably unrelated and baseless claims to an action that has already been pending for more than a year, plaintiff would require defendants to expend more time and resources on meritless arguments. Defendants have, presumably, been preparing a dispositive motion in this matter, and amendment at this juncture, without any good cause or sufficient explanation as to why amendment is necessary, would further frustrate defendants' efforts.

Therefore, plaintiff's motion to amend is DENIED.

////

////

CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's "motion to change venue" (ECF Nos. 90, 95) is GRANTED IN PART AND DENIED IN PART.

2. Plaintiff's motion for a preliminary injunction (ECF No. 91) is DENIED.

3. Plaintiff's motion to amend his complaint (ECF No. 89) is DENIED.

Dated: September 22, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.nara.466