UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>                    Defendants. | No.  2:19-cv-00466-TLN-CKD PS<br><br>ORDER<br><br>(ECF No. 108) |

  Presently before the court is plaintiff's motion for reconsideration of two of the undersigned's prior orders. (ECF No. 108.) Defendants have filed an opposition. (ECF No. 109). On the court's own motion and pursuant to Local Rule 230(g), the matter is taken under submission, and the court now DENIES plaintiff's motion for the following reasons.

  Plaintiff's motion seeks reconsideration of the court's written order dated September 22, 2020 (ECF No. 104) and a minute order issued November 4, 2020 (ECF No. 106). Initially, plaintiff's motion must be denied because it was deficiently noticed. The caption of plaintiff's November 23, 2020 motion lists a hearing date of "01/15/2020" (ECF No. 108 at 1), and plaintiff did not serve or file a separate notice of the motion clarifying the date. It was thus unclear to defendants whether plaintiff was noticing a hearing for December 15, 2020 or for January 15,

1

2021.  (ECF No 109 at 2.)  Neither date would be permissible because December 15, 2020 is not at least 28 days from the motion's filing and service, and Friday, January 15, 2021 is not an available hearing date because the undersigned hears civil motions on Wednesdays.

In addition, plaintiff's motion does not meet the substantive requirements for obtaining reconsideration.  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted).[1]  Accordingly, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.  E.D. Cal. L.R. 230(j).

Here, plaintiff has not made the requisite showing of any new or different facts that did not exist before he filed the motion, clear error, or an intervening change in the controlling law.  Plaintiff argues that the undersigned's September 22, 2020 order improperly denied his July and August 2020 motions to change venue because (1) only district judges have jurisdiction to rule on such motions, which he believes the undersigned wrongly interpreted purely as recusal requests, and (2) the order violated "Fed Rule 27 (a) (2)" because the County responded more than 10 days after the motion.  (ECF No. 108 at 2.)  The undersigned has the authority to rule on pretrial matters—such as motions to change venue—pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  And Federal Rule of Civil Procedure 27(a)(2), which pertains to the taking of

---

[1] The court retains inherent discretion to modify its nonfinal interlocutory orders at any time before entry of final judgment.  See City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001).  In assessing a motion to modify a nonfinal order, courts look to the standards under Federal Rules of Civil Procedure 59(e) and 60(b).  Jadwin v. Cty. of Kern, No. 07-CV-0026-OWW-DLB, 2010 WL 1267264, at *9 (E.D. Cal. Mar. 31, 2010).

depositions to perpetuate testimony, has no bearing on the timeliness of the responses to plaintiff's motions.

Plaintiff further argues that he is entitled to a change of venue based on a litany of other events that supposedly violated timing deadlines in the Federal Rules, stretching back to March 2019. (ECF No. 108 at 4-14.) These arguments are based on a fundamental misreading of the rules, and the court declines to go back over every prior ruling in this case just because plaintiff is dissatisfied with the results.[2] For the same reason, the court also declines to revisit its November 4, 2020 minute order denying plaintiff's demand for citations to federal law supporting virtually every prior conclusion the court has reached in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 108) is DENIED; and
2. The hearing purportedly set for January 15, 2020 is VACATED.

Dated: December 16, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.nara.466

---

[2] The court rejects plaintiff's ongoing utterly unfounded accusations that the undersigned's handling of this litigation amounts to an "obstruction of justice." (ECF No. 108 at 8-10.) To the extent plaintiff seeks to disqualify the undersigned, the court continues to deny that request for the reasons repeated on many prior occasions. (See ECF Nos. 51, 76, 104 at 2.)