UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN,<br><br>           Plaintiff,<br><br>     v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>           Defendants. | No. 2:19-cv-0466-TLN-CKD PS<br><br>ORDER<br><br>(ECF No. 113) |

      Presently before the court is plaintiff's latest motion for the undersigned to recuse herself from this case. (ECF No. 113.) The County defendants—the only defendants remaining in this action—have filed an opposition. (ECF No. 114). On the court's own motion and pursuant to Local Rule 230(g), the matter is taken under submission, and the court now DENIES plaintiff's motion for the following reasons.[1]

---

[1] The court need not await plaintiff's optional reply brief before issuing this order because plaintiff's motion is once again improperly noticed. Plaintiff filed the motion on April 28, 2021 and noticed the matter for hearing on May 19, 2021 at 11:00 am. (ECF No. 113 at 1.) This is less than the 28-days' notice required by this court's Local Rules, see E.D. Cal. L.R. 230(b), and the undersigned hears civil motions on Wednesdays at 10:00 am, not 11:00 am. When a motion is noticed for an improper hearing date, the normal deadlines for briefing cannot be calculated. See E.D. Cal. L.R. 230(b)-(d) (setting deadlines counting backward from proper hearing date); see also Goldberg v. Barreca, 720 F. App'x 877, 878 (9th Cir. 2018) ("Because the [plaintiffs] could

1

This is the fourth time plaintiff has requested to disqualify the undersigned from hearing this case. (See ECF Nos. 48, 71, 104 at 2.) Plaintiff brings this motion under 28 U.S.C. § 144 ("Bias or prejudice of judge"), arguing that the undersigned is (1) biased against him due to his non-white skin color, (2) biased against self-represented parties, and (3) biased in favor of big corporations and city and county defendants, a category that describes all the defendants in this action. (ECF No. 113 at 1.)

Motions for recusal under § 144 also invoke 28 U.S.C. § 455, the self-enforced statute requiring judges to recuse themselves in certain circumstances. Under both provisions, the standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008). Section 144 requires a "timely and sufficient affidavit" stating "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Only if the movant's affidavit is legally sufficient must the recusal motion be heard by a judge other than the target of the motion. United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999), as amended on denial of reh'g (Mar. 17, 1999); Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988).

An affidavit will almost never be found legally sufficient if "[t]he bias or prejudice alleged arose from conduct during the judicial proceeding." Toth, 862 F.2d at 1388; see Liteky v. United States, 510 U.S. 540, 554-56 (1994). "[T]he judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal . . . ." Holland, 519 F.3d at 914 (footnote omitted).

Plaintiff's motion, even construed as an affidavit, is legally insufficient. It provides no support for his assertions of bias other than how the undersigned has ruled on various aspects of this litigation over the last several years. Most of the motion repeats arguments plaintiff has raised numerous times, objecting to the court's 2019 rulings regarding waivers of service, certificates of service, and the timing of responsive pleadings. (ECF No. 113 at 3-4, 6-18.) The court addressed plaintiff's misunderstanding of the Federal Rules on these subjects in its order

---

not raise new arguments in their reply brief . . . , the district court was not required to wait for a reply brief before ruling.").

denying his first recusal motion back in January 2020.  (ECF No. 51 at 1-3.)  The court will not repeat itself here.  In addition, plaintiff asserts various forms of "judicial misconduct" due to the timing of the court's rulings on certain motions,[2] statements of law by the undersigned during court hearings (which plaintiff characterizes as "lying under oath"), and alleged failures to follow the Federal Rules of Civil Procedure in multiple rulings.  (ECF No. 113 at 1-3, 5, 15-15, 18-19.)  Plaintiff explicitly argues that the undersigned "disagreed with [him]" on various points of law (id. at 11, 18) and ruled against him on certain motions (see id. at 17 ("Denying entire motion of plaintiff is biased towards County, City and big corporation Wells Fargo Bank is also obstruction justice.")).

None of these arguments for recusal are based on anything "other than rulings, opinions formed or statements made by the judge during the course of [court proceedings]."  Holland, 519 F.3d at 913-14.  "Adverse findings do not equate to bias."  United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010).  The only argument plaintiff puts forth that arguably has an extrajudicial source is his troubling assertion that the undersigned is biased against him because he is a person of color.  (ECF No. 113 at 1.)  However, the only factual basis plaintiff provides for this theory is that after a December 2019 hearing "and seeing color of the skin [the court] denied entire oral argument of plaintiff" and thereafter denied him other opportunities for oral argument in this case.  (Id. at 5-6.)  This allegation is wholly conclusory and unsupported by specific facts demonstrating racial prejudice, especially given that oral argument is always discretionary in this court.  See Local Rule 230(g).  Moreover, this assertion is still based purely on the undersigned's "performance while presiding over [this] case."  United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (concluding that such grounds do not support recusal under § 144).  Accordingly, plaintiff's motion—like the many before it—is legally insufficient and must be denied.

---

[2] For instance, plaintiff objects to the timing of the undersigned's latest order issued December 16, 2020, denying his motion for reconsideration of a prior order that denied his request to change venue.  (ECF No. 113 at 1-2.)  He asserts some impropriety due to that order issuing less than 24 hours after he deposited his reply brief with the court, and him receiving that order the next day, December 17, 2020.  (Id. at 2.)  He accuses the court of "tampering with postage machine" because he believes it impossible to receive regular mail as quickly as he received the December 16 order.  (Id. at 3.)

In order to conserve judicial resources, any further motions by plaintiff for recusal in this case will be summarily denied unless they include a formal averment of specific facts showing bias or prejudice based on something <u>other than</u> the court's legal rulings in this case. Arguments that the court has improperly applied the law are "[a]lmost invariably . . . proper grounds for appeal, not recusal." <u>Liteky</u>, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). The court assures plaintiff that its determinations in this case are based purely on neutral interpretation of the facts and the applicable law.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on plaintiff's motion for recusal improperly noticed for May 19, 2021 is VACATED; and

2. Plaintiff's motion for recusal (ECF No. 113) is DENIED.

Dated: May 6, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.nara.466

4