UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>  Defendants. | No. 2:19-cv-0466-TLN-CKD PS<br><br>ORDER<br><br>(ECF No. 117) |

      On July 29, 2021, plaintiff filed a motion entitled "Motion Under 28 U.S Code § 144 Biased and Prejudice Amended." (ECF No. 117.) The same day, plaintiff also filed a response to the court's May 6, 2021 order[1] denying plaintiff's previous April 28, 2021 motion for the undersigned to recuse herself from this case. (ECF Nos. 113, 115, 116.)

      In his response to the May 6th order, plaintiff argues that his April 28th motion was not a "motion to disqualify" the undersigned but rather a "motion of being biased and prejudice." (ECF No. 116 at 2-3, 6.) He further argues that, under 28 U.S.C. § 144, the undersigned improperly ruled on that April 28th motion, instead of having another judge decide the matter.

---

[1] The order was signed on May 6, 2021 but filed on the docket on May 7, 2021. (ECF No. 115.)

1

1  (Id. at 2-3.)  He also repeatedly calls the court "racist," based only on the undersigned's adverse
2  rulings against him thus far.  (Id. at 3, 7.)
3        Plaintiff's April 28, 2021 motion was entitled "Motion Under 28 U.S Code § 144 Biased
4  and Prejudice Judge Delaney to Recuse."  (ECF No. 113.)  Based on the title and the substance of
5  the motion, the undersigned analyzed the motion under 28 U.S.C. § 144, which allows a party to
6  seek recusal of the judge based on a belief that the judge is biased or prejudiced.  (See ECF
7  No. 115.)  The standard under section 144, which allows a party to seek recusal or
8  disqualification of the judge, is the same standard that applies to the corollary provision of
9  28 U.S.C. § 455(a), which sets forth the circumstances in which a judge or magistrate judge must
10 disqualify herself.  See United States v. Hernandez, 109 F.3d 1450, 1453–54 (9th Cir. 1997)
11 ("The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same:
12 Whether a reasonable person with knowledge of all the facts would conclude that the judge's
13 impartiality might reasonably be questioned.  Ordinarily, the alleged bias must stem from an
14 extrajudicial source." (cleaned up)).
15       As explained in the May 6, 2021 order denying the April 28th motion, the requirement
16 that another judge hear the recusal motion is only triggered if the movant provides a "timely and
17 sufficient affidavit" stating "the facts and the reasons for the belief that bias or prejudice exists."
18 See 28 U.S.C. § 144; United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999), as amended on
19 denial of reh'g (Mar. 17, 1999); Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.
20 1988).  And an affidavit will almost never be found legally sufficient if "[t]he bias or prejudice
21 alleged arose from conduct during the judicial proceeding."  Toth, 862 F.2d at 1388.
22       Plaintiff provided no affidavit at all, and the motion itself described only his
23 dissatisfaction with how the undersigned has ruled on various aspects of this litigation over the
24 last several years.  Because plaintiff did not provide a legally sufficient affidavit, there was no
25 need to assign another judge to hear the motion.
26       Plaintiff now renews his motion under § 144, re-filing a motion essentially identical to the
27 one filed on April 28th with slight wording changes at the beginning and the end.  (ECF No. 117.)
28 Plaintiff purports to notice this motion for hearing on August 25, 2021, which again is less than

28 days away from the date the motion was filed (July 29, 2021). The court denies this amended motion for the same reasons it denied the original April 28th motion: plaintiff provides no sufficient affidavit of bias or prejudice stemming from an extrajudicial source, that is, something other than the undersigned's previous adverse rulings in this case. (See ECF No. 115 at 2-3.)

Through variously named filings, plaintiff has now urged the undersigned to recuse at least four times in this case.[2] (See ECF Nos. 48, 71, 104 at 2, 113.) As stated in the May 6th order, in order to conserve judicial resources, any further motions by plaintiff for judicial recusal or disqualification in this case will be summarily denied unless they include a formal averment of specific facts showing bias or prejudice based on something <u>other than</u> the court's legal rulings in this case.

Finally, the court notes plaintiff's statement toward the end of his responsive filing that "this case is not moving any further" because of the undersigned's alleged violations. (ECF No. 116 at 6.) The court reminds plaintiff that, under the current case schedule, the dispositive motions deadline is September 10, 2021. (ECF No. 85 at 2-3.) It remains plaintiff's obligation to prosecute his case unless and until all claims are resolved or dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on plaintiff's amended motion for recusal improperly noticed for August 25, 2021 is VACATED; and
2. Plaintiff's amended motion for recusal (ECF No. 117) is DENIED.

Dated: August 4, 2021

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.nara.466

---

[2] Plaintiff is correct that only two of his previous filings were expressly labeled as motions to disqualify. (ECF Nos. 48, 71.) The third filing referenced was styled as a "motion for change of venue," but was based on supposed errors and assertions of judicial misconduct (ECF No. 95 at 4-6), which the undersigned construed as an additional request for disqualification (ECF No. 104 at 2).