UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-0466-TLN-CKD PS<br><br>ORDER<br><br>(ECF Nos. 121-124) |

　　Before the court are four motions filed by plaintiff between September 2, 2021 and September 7, 2021.  (ECF Nos. 121-124.)  All four are related to plaintiff's continuing insistence that the undersigned recuse from this case due to perceived bias against plaintiff.  The court briefly addresses, and denies, each motion—and informs the parties that a hearing on the defendants' motion to modify the scheduling order (ECF No. 125) will be held via Zoom on October 13, 2021 at 10:00 AM (the noticed hearing date).

**I.　　Motion to Appoint Counsel (ECF No. 123)**

　　Plaintiff, who is proceeding pro se and in forma pauperis in this case, moves the court to appoint counsel, claiming that he has been "bullied and taken advantage of" by the undersigned—and that he cannot afford an attorney.  (ECF No. 123 at 1.)  Plaintiff incorrectly noticed this

1

motion for hearing on a Friday (October 1, 2021), which is not an available Law & Motion day for the undersigned.  The undersigned hears civil matters on Wednesdays at 10:00 AM.  Nevertheless, having received defendants' response to the motion (ECF No. 126), the court finds the motion appropriate to take under submission.  See L.R. 230(g).

Unlike for defendants in criminal cases, there is no general right to counsel in civil actions.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."  Id.  To decide whether exceptional circumstances exist, the court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances rests on the plaintiff.  Id. (holding that appellant plaintiff did not make the requisite showing of exceptional circumstances for appointment of counsel, and district court did not abuse its discretion in denying motion).

Plaintiff's motion addresses neither of the Palmer factors.  Aside from establishing his lack of financial resources, plaintiff relies solely on threats to sue the undersigned for any ruling on the instant motions and repetition of his baseless accusations of judicial bias.  (ECF No. 123 at 2.)  This motion is properly before the undersigned as the magistrate judge assigned to this case in which plaintiff is representing himself.  See L.R. 302(c)(21) (referring all pro se cases in Sacramento division to magistrate judges).  Plaintiff has not shown that exceptional circumstances warrant appointment of counsel in this case.  The substantive claims at issue primarily assert violations of the Fair Debt Collection Practices Act related to collection of plaintiff's city utilities debts.  (ECF No. 12, First Amended Complaint.)  The court observes no particularly complex legal issues involved, and plaintiff does not identify any.  Although plaintiff has chosen to focus on disqualifying the undersigned, rather than proving his case, there is no indication that plaintiff would have difficulty articulating his claims.  Finally, plaintiff has not shown a likelihood of success on the merits of his claims, all of which have already been

dismissed against the other two entity defendants. Accordingly, appointment of counsel is not warranted at this time.

**II.    Motion to Appoint Special Master (ECF No. 121)**

Plaintiff simultaneously moves for appointment of a special master under Federal Rule of Civil Procedure 53.[1] (ECF No. 121.) Plaintiff states that he is bringing this motion because of his failed previous attempts to disqualify the undersigned from hearing this case. (Id. at 1.) Plaintiff repeats the same arguments made in support of his multiple previous recusal and disqualification motions—accusing the undersigned of being racist for not holding oral argument on his motions after seeing his skin color at an early hearing, and asserting judicial bias based on how the undersigned has ruled on numerous motions over the two-and-a-half years that this case has been litigated. (See ECF Nos. 48, 71, 95 at 4-6, 104 at 2, 113, 117, 119, 120.)

Courts may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). "In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3). "It is within a district court's discretion to appoint a master, and to decide the extent of the duties of a special master." In re Hanford Nuclear Rsrv. Litig., 292 F.3d 1124, 1138 (9th Cir. 2002). The Advisory Committee notes to Rule 53 caution, however, that a pretrial special master "should be appointed only when the need is clear." Fed. R. Civ. P. 53 (2003 Adv. Comm. Notes).

There is no need to appoint a special master in this case. Plaintiff's motion is based purely on his belief that the undersigned harbors some bias against him and has not fairly applied the law to his case. This is not a proper basis for seeking appointment of a special master, as both the undersigned and the assigned district judge remain fully capable of managing this relatively straightforward case.

---

[1] Plaintiff failed to notice any of his other three motions for hearing, in violation of the court's local rules. See L.R. 230(b) ("Except as otherwise provided in these Rules or as ordered or allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge.").

### III. Motion to Appoint "Supervising Judge" (ECF No. 122)

Plaintiff also moves for appointment of a "supervising judge." (ECF No. 122.) Specifically, plaintiff requests appointment of a nonwhite retired judge from out of state "to review entire violation laws by [the undersigned], abuse of office and power." (Id. at 1.) This request stems from the same set of grievances underlying the above-cited motions for disqualification. Plaintiff cites no legal authority that would permit his requested appointment of a retired judge to "investigat[e]" a current judge's handling of an ongoing case.

To the extent plaintiff desires judicial review of the undersigned's rulings in this case, that review remains available to plaintiff in the form of filing timely "Objections" to any of the undersigned's orders, which would trigger review by the assigned district judge. See 28 U.S.C. §§ 636(b)(1)(A), (C); Fed. R. Civ. P. 72 (permitting objections within 14 days of service of order). As explained in the undersigned's denials of plaintiff's previous recusal requests, ultimately, arguments regarding the perceived misapplication of the law in his case are to be made to the court of appeals, once the case has been finally decided. (See ECF No. 115 at 4 (quoting Liteky, 510 U.S. at 555).) Repeating these arguments in successive motions with different titles in this court will not yield a different result. Plaintiff's motion to appoint a "supervising judge" is denied.

### IV. "Request to Remove" (ECF No. 124)

Plaintiff's final motion before the court is a request addressed to Chief District Judge Mueller. (ECF No. 124.) Plaintiff requests the Chief Judge's "assistance to remove [the undersigned] from this case" (id. at 1) and goes on to repeat the reasons he believes the undersigned has mishandled his case.

Chief Judge Mueller has no involvement in or oversight of this case, and like the above three motions, this request is automatically referred to the undersigned for resolution. See L.R. 302(c)(21). The court construes this request as another motion for recusal under 28 U.S.C. § 144. This request, like the motions before it, provides no support for plaintiff's assertions of bias other than how the undersigned has ruled on various aspects of this case over the last several years. Accordingly, plaintiff's motion is summarily denied. (See ECF Nos. 115 at 4, 118 at 3

4

(cautioning that "any further motions by plaintiff for judicial recusal or disqualification in this case will be summarily denied unless they include a formal averment of specific facts showing bias or prejudice based on something other than the court's legal rulings in this case").)

V.      **Remote Hearing on Motion to Modify Scheduling Order (ECF No. 125)**

Shortly after plaintiff filed the above motions, on September 9, 2021, the remaining defendants moved to modify the scheduling order to permit them to file a dispositive summary judgment motion beyond the current motion completion deadline. (ECF No. 125.) That motion was noticed for hearing on October 13, 2021 at 10:00 AM, and the undersigned intends to hold that hearing by remote means (via Zoom) to determine whether there is good cause to extend the dispositive motions deadline. All active parties are expected to attend and will receive further instructions for joining the proceeding. The court is particularly concerned with plaintiff's representations in his written opposition that certain discovery requests remain outstanding (see ECF No. 126 at 3) and wishes to generally address the parties before ruling on the motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on plaintiff's motion for appointment of counsel improperly noticed for October 1, 2021 is VACATED;
2. Plaintiff's motion for appointment of counsel (ECF No. 123) is DENIED;
3. Plaintiff's motion for appointment of a special master (ECF No. 121) is DENIED;
4. Plaintiff's motion for appointment of a supervising judge (ECF No. 122) is DENIED;
5. Plaintiff's request to remove the undersigned (ECF No. 124) is DENIED; and
6. The motion to modify the scheduling order (ECF No. 125) will be decided after a remote hearing on October 13, 2021 at 10:00 AM. Instructions for how to participate will be sent to the parties closer to the hearing date.

Dated: September 21, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.nara.466