UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN,<br><br>           Plaintiff,<br><br>     v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>           Defendants. | No. 2:19-cv-0466-TLN-CKD PS<br><br>ORDER<br><br>(ECF No. 125) |

Before the court is a motion by the remaining defendants to modify the scheduling order to allow their filing of a dispositive summary judgment motion beyond the deadline set for dispositive motions. (ECF No. 125.) The motion was originally set for hearing on October 13, 2021, but after receiving plaintiff's notice of "protest" that he objected to the hearing and would not participate, the court took the motion under submission. (ECF Nos. 136, 137.) In deciding the motion, the court has considered the papers filed in support, plaintiff's opposition, defendants' reply,[1] and plaintiff's surreply.[2] (ECF Nos. 125, 126, 132, 134.)

---

[1] Defendants' reply filed on September 24, 2021 was timely, contrary to plaintiff's argument, because the hearing was set for October 13, 2021—making the reply deadline October 6, 2021. See L.R. 230(d) (making any reply due "[n]ot less than seven (7) days preceding the date of hearing").

[2] Plaintiff's "Reply" to defendants' reply is not procedurally proper, but because it largely repeats

1

I. **Procedural Background**

This case has been procedurally messy from the beginning. Plaintiff filed his initial complaint on March 14, 2019, requesting to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.) On March 19, 2019, the court granted the IFP request but in screening the complaint under 28 U.S.C. § 1915(e) found that the complaint failed to establish the court's subject matter jurisdiction because it failed to state a federal claim; however, the court permitted plaintiff to amend the complaint to cure the defects. (ECF No. 4.) On May 30, 2019, plaintiff filed a First Amended Complaint ("FAC"), which the court on June 27, 2019 found adequately pleaded the elements of a Fair Debt Collection Practices Act ("FDCPA") claim. (ECF Nos. 12, 13.) In light of plaintiff's IFP status, the court ordered the U.S. Marshal to serve the FAC on all defendants, upon plaintiff's submission of the required documentation. (ECF No. 13 at 2-3.)

The FAC, which remains the operative complaint, named three sets of defendants—two of which have since been dismissed from the action[3]—alleging that improper property taxes and utility charges were assessed against plaintiff's real property. (ECF No. 12.) Only the County of Sacramento, the County Assessor, and the County Tax Collector remain as active defendants in this case (collectively, "the County defendants").

On April 8, 2019, after the court's screening order but before the FAC was filed, the County defendants filed an executed waiver of service of the summons and complaint, which indicated that the waiver request was sent on March 15, 2019, the day after the original complaint was filed. (ECF No. 5.)

On April 9, 2019, in response to filings by the other two (now dismissed) defendants, the court issued a minute order stating that "Defendants need not respond to the complaint unless or until plaintiff shows good cause why this action should not be dismissed. The court will set a response deadline at that time." (ECF No. 9.)

---

plaintiff's opposition arguments, however, the court has also considered this surreply.

[3] Plaintiff's claims against Wells Fargo and against the City of Sacramento were dismissed in spring 2020. (ECF Nos. 50, 61, 67, 69.)

2

Plaintiff filed his FAC establishing the court's subject matter jurisdiction on May 30, 2019. (ECF No. 12.) The County defendants filed their answer to the FAC on July 18, 2019. (ECF No. 17.) Three days later, plaintiff requested that the Clerk of Court enter default against all defendants for failing to file timely answers. (ECF No. 21.) The Clerk declined to enter default, noting that the U.S. Marshal had yet to file proof of service of the summons on defendants. (ECF No. 22.) Eventually, the other two defendants also filed executed waivers of service of the summons and complaint. (ECF Nos. 28, 33.)

Following a December 2019 hearing on defendant Wells Fargo's motion to dismiss, plaintiff filed the first of what became numerous motions to disqualify the undersigned based in large part on allowing the case to proceed despite defendants having—in plaintiff's view—not responded to the FAC within the time period provided in Federal Rule of Civil Procedure 15(a). (ECF Nos. 45, 48.) The undersigned explained the basis for finding Wells Fargo's motion to dismiss timely and denied this motion to disqualify, along with a second similar motion. (ECF Nos. 51, 71, 76.) Around the same time, the court dismissed all claims against Wells Fargo and the City. (ECF Nos. 61, 69.)

On July 17, 2020, after receiving status reports from plaintiff and the County defendants, the court issued a Pretrial Scheduling Order. (ECF No. 85.) As relevant to the present motion, the scheduling order set July 30, 2021 as the deadline for all discovery to be completed and set September 10, 2021 as the deadline for all non-discovery law and motion to be completed. (Id. at 2-3.) The scheduling order specified that "completed" meant that all motions had to be "heard by" the above dates and directed the parties to consult the local rules regarding motions notice requirements. (Id.) The scheduling order did not set a specific date for a final pretrial conference or jury trial before the assigned district judge, instead setting contingent deadlines for the parties to submit a Notice of Trial Readiness. (Id. at 3.)

Over the following year, plaintiff filed many motions styled in various ways, mostly continuing to object to the court purportedly misapplying the timelines for responsive pleadings and papers—and for ruling against plaintiff on his successive motions without any further oral argument; the majority of these motions called for the undersigned's recusal based on perceived

bias against plaintiff.[4]  (See, e.g., ECF Nos. 95, 105, 108, 113, 117, 119-124, 130-31, 135.)  In connection with the later motions, plaintiff expressed that "this case is not moving any further" because of the undersigned's alleged violations.  (ECF No. 116 at 6.)  In an August 4, 2021 order denying one of these motions the court reminded plaintiff of the upcoming dispositive motions deadline of September 10, 2021, and of plaintiff's obligation to prosecute his case.  (ECF No. 118.)

## II.     The Instant Motion

On September 9, 2021, one day before the dispositive motions deadline, the County defendants filed the instant motion to modify the scheduling order to extend the September 10th deadline.  (ECF No. 125.)  Defense counsel explains that he "misapplied the motion deadline such that the planned summary judgment motion cannot be heard by the September 10, 2021 cut-off date," and he apologizes to the court and plaintiff for the error.  (ECF No. 125.2 ¶ 4.)  Defendants argue that, despite their mistake, good cause exists to modify the schedule because "the questions to be addressed in the proposed summary judgment motion are the same that the parties and the court will have to confront prior to or during a trial."  (ECF No. 125 at 6.)  Defense counsel avers that the County defendants' planned summary judgment motion will establish (1) that, as a matter of law, plaintiff cannot pursue the FDCPA causes of action against them, and (2) that the County defendants complied with the law in collecting delinquent utility charges on plaintiff's property tax bills—thereby entirely disposing of the action.  (Id. ¶ 5; ECF No. 125.1 at 2, 6.)  Counsel offers to file defendants' summary judgment motion within 10 days of the court granting additional time to so file.  (Id. ¶ 6.)

////

---

[4] Because these motions never alleged facts supporting plaintiff's assertions of bias, the undersigned denied the motions without referral to another judge.  See Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (only after determining the legal sufficiency of § 144 affidavit is a judge obligated to reassign decision on merits to another judge; where "bias or prejudice alleged arose from conduct during the judicial proceeding," the motion and affidavit were legally insufficient).  Plaintiff's grounds for recusal exclusively consisted of objections to the undersigned's judicial rulings and assertions of racism based purely on not holding oral argument for plaintiff's motions after the initial motion to dismiss hearing.

In opposition, plaintiff first argues that the court is "powerless to grant the motion" after the County defendants "lost [their] jurisdiction" to respond to the FAC by not filing their answer within 21 days. (ECF No. 126 at 2; see ECF No. 134 at 1-3.) Plaintiff further argues that there is no good cause to modify the scheduling order, and that discovery is not yet completed because he has been focusing on "getting [a] fair judge who would follow Federal laws." (ECF No. 126 at 3-4.) Plaintiff objects that the County defendants did not return his emails sent in December 2020 and April 2021 requesting to take certain depositions and attaches copies of his emails to defense counsel. (Id. at 3-4, 9-12; see ECF No. 134 at 3-5.)

In reply, defendants argue that their answer to the FAC was timely and that plaintiff has not served a deposition notice or identified individuals to be deposed either before or after the current July 30, 2021 discovery completion deadline. (ECF No. 132; see ECF No. 132.1 (attaching emails sent to plaintiff in May 2021 and September 2021).)

### III.     Discussion

The court first briefly addresses plaintiff's ongoing contention that the County defendants' answer to the FAC was untimely and therefore prevents their continued defense of this case. As described above, this case began with much confusion over whether and how the various defendants were served and whether and when they were required to respond to the initial and amended complaints. Regardless whether the County defendants' answer was timely, however, no default was entered, nor did plaintiff pursue default judgment against them (after having his initial request rejected by the Clerk). Even if default had been entered against the County defendants, the court likely would have set aside such default because by filing an answer to the FAC defendants showed a willingness to participate and defend themselves in this action. See Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986) (courts have broad discretion in determining whether to set aside entry of default, considering among other things prejudice to plaintiff in doing so); Lockard v. Kitzhaber, 129 F.3d 126 (9th Cir. 1997) (unpublished) (affirming denial of default judgment where plaintiff failed to demonstrate any prejudice from defendants' delay in answering his amended complaint because defendants answered before plaintiff moved for default judgment). As a general matter, courts strongly

prefer to resolve cases on their merits, rather than on procedural technicalities. See Direct Mail Specialists v. Eclat Computerized Technologies, 840 F.2d 685, 690 (9th Cir. 1988). In sum, even assuming the County defendants responded to the FAC later than required by the Federal Rules, that alone is not a reason to end the case in plaintiff's favor. Thus, the timeliness or untimeliness of the answer does not factor into whether to grant the instant motion.

Defendants bring this motion under Rule 16(b)(4) which provides, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. Thus, normally, if the moving party "was not diligent, the inquiry should end." Id.

The County defendants do not argue that they were diligent in attempting to comply with the dispositive motions deadline, nor could they. Despite indicating in their May 2020 pre-scheduling status conference statement that they planned to move for summary judgment by June 10, 2020 (ECF No. 74 at 2), and despite the court's recent August 4, 2021 reminder of the dispositive motions deadline (ECF No. 118 at 3), defendants seem to have simply lost track of the September 10, 2021 deadline until it was too late to meet it. This is the opposite of diligence.

Although the Rule 16 inquiry would normally end there, see Johnson, 975 F.2d at 609, the court nevertheless finds good cause to modify the scheduling order in this case—not for defendants' benefit, but to conserve judicial resources. Courts have inherent power to control their dockets to promote judicial efficiency. See Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) ("[A] district court possesses the inherent power to control its docket and promote efficient use of judicial resources."). Based on this power, courts sometimes permit the belated filing of summary judgment motions despite the moving party's lack of diligence, where doing so would serve the interests of justice and judicial economy. See

Dayton Valley Invs., LLC v. Union Pac. R. Co., 664 F. Supp. 2d 1174, 1178-79 (D. Nev. 2009); Thornton v. Ethicon Inc., No. CV-20-00460-TUC-JCH (EJM), 2021 WL 2661220, at *2 (D. Ariz. Apr. 26, 2021).  In Dayton, the court found good cause to allow an untimely summary judgment motion where the movant simply "did not realize" that summary judgment was appropriate until after the deadline, reasoning that the motion presented "certain legal issues that the Court must inevitably address, either prior to or in the course of trial."  664 F. Supp. 2d at 1178-79. Likewise, in Thornton, the court agreed to rule on a belated supplemental summary judgment motion because the motion "may narrow the issues for trial and facilitate settlement discussions, or potentially dispose of Plaintiff's remaining claims and end this case."  2021 WL 2661220, at *2.

The undersigned finds the same circumstances exist here and provide good cause to extend the deadline for dispositive motions.  Based on defense counsel's sworn description of the proposed summary judgment motion, that motion will present the same legal questions that would come up prior to or during a trial—and will potentially dispose of all remaining claims in the case.  (ECF Nos. 125 at 6, 125.2 ¶ 5.)  Because the court will "inevitably address" these issues either at or before trial, the court opts to extend the motions deadline in an attempt to resolve the case on summary judgment (if appropriate) or to at least narrow the issues for trial.

The court notes that extending the dispositive motions deadline will not prejudice plaintiff or cause delay, as no trial date has yet been set—indeed there may be no available trial date before the assigned District Judge for quite some time, given the backlog created by the COVID-19 pandemic.  See Thornton, 2021 WL 2661220, at *2 (noting lack of prejudice without set trial date).

Furthermore, although plaintiff opposes the proposed schedule modification, his opposition indicates that he, too, may benefit from extending the dispositive motions deadline. Plaintiff apparently still wishes to arrange depositions of certain County officials.  (ECF Nos. 126 at 3-4, 134 at 3-5.)  Under the current schedule, this would not be possible because discovery closed on July 30, 2021.  (ECF No. 85 at 2.)

////

Based on the emails attached to the briefs on this motion, it does not appear that plaintiff ever properly served a deposition notice on the County defendants. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1); see Fed. R. Civ. P. 5(a) (requiring service of written notice on parties). Nevertheless, in light of plaintiff's pro se status, and to ensure that plaintiff receives an equal opportunity to file a summary judgment motion if he wishes, the court finds it appropriate to re-open discovery for a short time for the limited purpose of permitting plaintiff to properly notice and conduct the desired depositions.

Again, the court does not countenance the County defendants' lack of diligence in following the scheduling order. In the interest of justice and in promoting judicial efficiency, however, the court modifies the scheduling order to give all remaining parties another chance to resolve this case—or narrow the issues—through summary judgment motions.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the scheduling order (ECF No. 125) is GRANTED;
2. The scheduling order (ECF No. 85) is hereby modified as follows:
    a. Discovery is re-opened for the limited purpose of permitting plaintiff to conduct any desired deposition of Sacramento County official(s). Such depositions must be properly noticed and served in compliance with Federal Rule of Civil Procedure 30(b)(1) and must be conducted (if at all) no later than **November 19, 2021**;
    b. The parties are permitted to file any summary judgment motion so that it may be heard on or before **January 19, 2022**. This means that any summary judgment motion would have to be filed and noticed no later than **December 22, 2021**. See L.R. 230(b) (requiring at least 28 days' notice of motions); and

////
////

3. All other dates and deadlines in the pretrial scheduling order remain unchanged.

Dated: October 15, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.nara.466