UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN, | No. 2:19-cv-00466-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| COUNTY OF SACRAMENTO et al., | |
| Defendants. | |

On January 24, 2022, the magistrate judge filed findings and recommendations, which were served on the parties and contained notice that any objections to findings and recommendations were to be filed within fourteen days. (ECF No. 166.) Prakash Narayan, ("Plaintiff") filed objections to the findings and recommendations on February 8, 2022. (ECF No. 169.) Defendants County of Sacramento, Ben Lamera, Sacramento County Assessor, and Sacramento County Tax Collector (collectively, "Defendants") replied on February 14, 2022. (ECF No. 170.) Plaintiff subsequently replied on February 25, 2022. (ECF No. 171.) On March 10, 2022, this Court adopted the findings and recommendations. (ECF No. 172.) Concurrently, the Court: (1) denied the Motion for Leave to Amend the Complaint; (2) denied Plaintiff's Amended *Ex Parte* Application for Default Judgement; and (3) granted Defendants' Motion for Summary Judgement. (*Id.*) Given that judgement was entered in favor of all remaining Defendants, the case was closed. (*Id.*)

Shortly after, Plaintiff filed an Amended Motion to Vacate Judgment. (ECF No. 175.) Defendants filed an Opposition. (ECF No. 176.) Plaintiff replied. (ECF No. 178.) Plaintiff subsequently filed a Motion to Vacate. (ECF No. 180.)

Federal Rule of Civil Procedure 60(b) ("Rule 60") states as follows:

On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiff does not provide reasoning consistent with any of the above. (ECF Nos. 175, 180.) Rather, Plaintiff accuses this Court and the magistrate judge of bias or prejudice under 28 U.S. Code § 144. (*Id.*) Plaintiff claims the Court engaged in behavior equivalent to "white supremacist," and that the Court is "under drugs or mentally sick." Plaintiff does not provide any facts to support these claims.

The Court finds Plaintiff's motion is full of ramblings and conspiracy theories without any factual allegations that could support relief under Rule 60(b). Plaintiff has not met this burden and thus cannot be afforded relief. As such, Plaintiff's motions (ECF Nos. 175, 180) are DENIED.

///
///
///
///

This case is closed. Should Plaintiff continue to disagree with the Court's ruling, the appropriate course of action is to seek remedy from the Ninth Circuit. Any future filings with this Court will be disregarded. No further orders will be issued in this closed case.

IT IS SO ORDERED.

**DATED: July 8, 2022**

Troy L. Nunley
United States District Judge